**R.J. Murgo HOUSESMITH**

v.

**Brooke MURPHY et al.**

**No. 95–683–Appeal.**

Supreme Court of Rhode Island.

Nov. 26, 1997.

Richard P. D'Addario,

Richard S. Humphrey, Vernon L. Gorton, Tiverton, Brooke Murphy, pro se.

## ORDER

This case came before a hearing panel of this Court for oral argument on November 18, 1997, pursuant to an order assigning the case to the motion calendar and directing the defendant to appear and show cause why the issue raised in his appeal should not be denied and dismissed. After hearing the arguments of counsel and consideration of their memoranda, we conclude that cause has not been shown and the issue raised by the defendant in his appeal will be decided at this time.

The defendant, Brooke Murphy, pro se, has appealed from an order of a trial justice in the Superior Court that permitted the defendant's attorney to withdraw from his representation of the defendant in a pending civil action in that court. The defendant, by letter of November 7, 1997 to this Court, informed the Court that he would be unable to be present and attend to his appeal, but requested that the case proceed nonetheless on the basis of the papers and memoranda in the case.

At the hearing, counsel for the plaintiff informed this Court that his client's pending claim for money due from the defendant had been fully recovered, notwithstanding that the civil action remains pending in the Superior Court. Counsel for the defendant, who is the subject of the withdrawal order on appeal, also appeared and was heard.

Our review of the case file and counsel's memoranda leads us to conclude that the trial justice's grant of counsel's motion to withdraw was without error, and the defen-

dant's appeal therefrom to be without merit. As a consequence, his appeal is denied and dismissed.

In addition, this Court having been informed by plaintiff's counsel that his client's claim has been recovered in full, and that counsel would file his stipulation to that effect in the case file, this matter is remanded to the Superior Court with direction to the clerk thereof to enter the dismissal stipulation of counsel and to thereafter dismiss the pending case.

WEISBERGER, C.J., and FLANDERS, J., did not participate.